# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-750V
Filed: July 25, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PAUL BALEK, | \* | |
| | \* | |
| Petitioner, | \* | Attorneys' fees and costs decision; |
| | \* | reasonable attorneys' fees and costs |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Edward M. Kraus, Chicago, IL, for petitioner.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 17, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that he suffered Complex Regional Pain Syndrome ("CRPS") due to his August 14, 2012 receipt of tetanus-diphtheria ("Tdap") vaccine.  Pet., ¶¶ 2 and 49.  On April 6, 2018, the undersigned issued a decision awarding damages to petitioner based on the parties' stipulation filed on April 5, 2018.  Judgment entered on April 24, 2018.

On July 24, 2018, petitioner filed a motion for attorneys' fees and costs ("motion").  In his motion, petitioner requests a total of $34,439.13, comprised of (1) $29,800.70 for attorneys' fees;

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

and (2) $4,638.43 for attorneys' costs.    Petitioner had no costs.

On the same day, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."   Id. at 3.

## DISCUSSION

### I. Legal Standard for Attorneys' Fees and Costs

#### A. In General

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

### II. Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."   Avera, 515 F.3d 1343, 1348.   This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."   Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349).   For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.   See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation."   Avera, 515 F.3d at 1348.   Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."   Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).   Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.   See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).   It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."   Id.   Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.   See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).   A special master need not engage in a line-by-line analysis of

petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### 1. Reasonable Hourly Rates

Petitioner requests the following hourly rates:

|                | 2013      | 2014  | 2015  | 2016      | 2017  | 2018  |
|----------------|-----------|-------|-------|-----------|-------|-------|
| Ed Kraus       | $348      | $361  | $375  | $389      | $398  | $409  |
| Amy Kraus      | N/A       | N/A   | $300  | $311      | N/A   | $327  |
| Tara O'Mahoney | N/A       | N/A   | $265  | N/A       | N/A   | N/A   |
| Paralegal rates| $100/110  | $100  | $110  | $110/125  | $145  | $145  |

Because these rates are consistent with the ranges provided in McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), the undersigned finds petitioner's requested hourly rates for counsel and paralegals reasonable.

### 2. Reduction of Billable Hours

#### a. Excessive Billing

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  See Sabella, 86 Fed. Cl. at 209.

Mr. Kraus billed 11.1 hours for drafting a 12-page petition.  Doc 52, at 1-2.  Mr. Kraus and two other attorneys billed a combined 6.9 hours for editing the petition.  Id. at 2.  The undersigned finds a total of ten hours for Mr. Kraus to draft the petition and a combined four hours for attorneys to edit it reasonable.  This adjustment results in a **deduction of $1,431.30**.

On May 15, 2017, Mr. Kraus billed 0.2 hours for requesting medical records at counsel's rate.  Id. at 5.  The undersigned finds the billing for requesting medical records compensable at a paralegal rate.  This adjustment results in a **deduction of $50.60**.

#### b. Billing for Administrative Time

It is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of

HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Mr. Kraus' billing records contain multiple entries that are best characterized as administrative tasks. Throughout the billing invoices, Mr. Kraus billed 0.1 – 0.3 hours for "review order" after reviewing a one-page or non-PDF scheduling or status conference order. Doc. 52 (entries dated: 4/12/2016; 5/17/2016; 7/13/2016; 9/12/2016; 11/8/2016; 12/8/2016; 2/17/2017; 3/28/2017; 4/10/2017; 7/10/2017; and 8/9/2017). Beyond the fact that this is clerical work billed at counsel's rates, the undersigned cannot imagine how it takes six to eighteen minutes to enter a date, or even three dates, on one's calendar. These types of entries are clerical in nature and do not constitute billable time. Accordingly such entries will be deducted from the fee award, amounting to a **reduction of $588.90**.

Thus, the total amount of attorneys' fees for Law Office of Chicago Kent is reduced by $2,070.80 and $27,729.90 is awarded. The undersigned finds the attorneys' costs reasonable.

## CONCLUSION

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the majority of petitioner's attorneys' fees and costs request reasonable. **Accordingly, the court awards $32,368.33**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Law Office of Chicago Kent in the amount of **$32,368.33**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 25, 2018                                                                 /s/ Laura D. Millman
                                                                                                Laura D. Millman
                                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.